**Sirak Deneke ANAGAW, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73459.
Agency No. A77–977–258.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Yemi Getachew, The Law Offices of Yemi Getachew, San Jose, CA, for Petitioner.

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark B. Stern, Esq., Dana J. Martin, Attorney, DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM [**]

Sirak Deneke Anagaw, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because Anagaw's testimony was inconsistent with the country reports regarding key elements of his asylum application, including his identity and his claim that he was persecuted on account of his political opinion. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum application, including identity and membership in a persecuted group).

Because Anagaw did not present credible testimony to satisfy his burden of proof regarding his identity, he did not establish eligibility for asylum, withholding of removal or relief under the Convention. See *id.* at 1156–57.

PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

